In the matter of GEORGE W. GREEN, on application for an *Habeas Corpus.*

A verdict in a capital case may be received, although the judge may have announced an adjournment, if instantly afterwards the verdict is presented by the jury.

GEORGE W. GREEN had been tried and convicted in the Cook Circuit Court, at November term, 1854, for the murder of his wife. A new trial was granted by MORRIS, Judge, who presided.

At the next succeeding term of the Supreme Court, Green, by his counsel, applied for his discharge, on the ground that the case had been once submitted to a jury, and that the jury had been illegally discharged, without rendering a verdict.    Submitting the application for an *habeas corpus*, to be decided upon the following point:

Norton et al. *v.* The Lexington Fire, Life and Marine Ins. Co.

THE evidence, arguments of counsel, and charge of court were concluded, and the case submitted to the jury on Saturday. The court remained in session until nine o'clock, Saturday evening, December 30th, 1854. The court thereupon adjourned in due form, until nine o'clock, Monday morning then next.

After the adjournment, but before the judge left the court room, the officer having charge of the jury, announced that they had agreed. Without re-opening court, and in the interim before the time to which the court had adjourned had arrived, the judge received the verdict and discharged the jury.

The point raised by the prisoner was, that the verdict was not received in open court.

The Supreme Court, after a hearing, denied the application of the prisoner.

J. N. ARNOLD, G. GOODRICH, and W. J. BARRON, for the Application.

D. McILROY, District Attorney, R. S. BLACKWELL, and DAVIS and MARTIN, for the People.